# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIDIA ESTRADA,<br><br>    Plaintiff,<br><br>v.<br><br>SIERRA VALLEY RESTAURANTS, INC.,<br><br>    Defendant. | 1:10cv0556 LJO DLB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Lidia Estrada ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil action for recovery of unpaid wages on March 31, 2010. She names Sierra Valley Restaurants, Inc., a California corporation, as Defendant.

**DISCUSSION**

A.    <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

B.  Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.  Allegations

According to the complaint, Plaintiff alleges that she worked as a food preparer for Jack In The Box from November 13, 2003, through August 24, 2009.  After she quit working there, she cashed a few checks that she had received as payment from Jack In The Box.  A week later, she received a letter from her bank stating that the checks had bounced.

Plaintiff contacted her former manager, Michelle Arellano, and requested contact information to claim her wages.  Ms. Arrellano said she would take care of the matter.  Months went by and Plaintiff did not receive any response from the company and did not receive the money that she was owed.

Plaintiff alleges that she filed a complaint with the U.S. Department of Labor on February 8, 2010.  The Department reportedly told her that Jack In The Box, which was "under Sierra Valley Restaurants, Inc., had filed bankruptcy." Complaint, p. 2.  Plaintiff seeks recovery of unpaid wages and California Labor Code penalties in the total amount of $2,659.88.

According to documents submitted in the instant action, Plaintiff filed a complaint against Sierra Valley Restaurants, Inc., a California corporation dba Jack In The Box, with the Labor Commissioner of the State of California, Department of Industrial Relations, Division of Labor Standards Enforcement.  On March 23, 2010, the Division of Labor Standards Enforcement informed Plaintiff that Sierra Valley Restaurants, Inc. had filed for bankruptcy protection and the

1 Division had no jurisdiction. She was directed to file a claim with the United States Bankruptcy
2 Court. Attachments to Complaint.

D. Discussion

The Federal Courts are courts of limited jurisdiction. Unlike the state courts, there is no inherent or general subject matter jurisdiction. The Federal Court can adjudicate only those cases that the Constitution and Congress authorize them to adjudicate which are essentially those involving diversity of citizenship, or a federal question, or to which the United States is a party. [Kokkonen v. Guardian Life Ins. Co. Of America, 511 U.S. 375 (1994)](). Plaintiff has not alleged any basis for Federal Court jurisdiction in the present case. Plaintiff has not alleged the deprivation of a federal constitutional or statutory right. Instead, she has identified state law as the basis of her claims, citing California Labor Code provisions. Plaintiff also has not alleged diversity of citizenship of the parties. However, Plaintiff will be given an opportunity to file an amended complaint curing this deficiency and to establish this Court's jurisdiction.

Insofar as Plaintiff brings this action based on the Court's original jurisdiction over civil proceedings arising under, arising in or related to Defendant's bankruptcy case, Plaintiff has not demonstrated that she is entitled to do so. 28 U.S.C.§ 1334. Generally, the filing of a bankruptcy petition stays any act to collect, assess or recover a claim against the debtor that arose before the commencement of the bankruptcy case. 11 U.S.C. § 362(a). Plaintiff does not indicate whether her claims arose prior to Defendant's bankruptcy filing and/or whether she has obtained relief from the automatic stay from the Bankruptcy Court. Moreover, Plaintiff does not indicate whether or not she has filed her claim for unpaid wages with the Bankruptcy Court. To the extent that Plaintiff intends to pursue her claims in the Bankruptcy Court, she is directed to notify this Court in writing of her withdrawal of this action.

E. Amended Complaint

Plaintiff will be given an opportunity to amend her complaint to cure the deficiencies identified by the Court. In amending her complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

1 | This is because, as a general rule, an amended complaint supercedes the original complaint. See
2 | Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the
3 | original pleading no longer serves any function in the case.
4 |      Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED
5 | WITH LEAVE TO AMEND. Plaintiff may file an amended complaint within thirty (30) days of
6 | the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended
7 | Complaint," and shall refer to the case number assigned to this action. Her complaint shall
8 | comply with Fed. R. Civ. P. 8. It must contain a short and plain statement of her claims, must
9 | clearly set forth the causes of action alleged against Defendant and must set forth the basis of this
10 | Court's jurisdiction. If Plaintiff does not file an amended complaint within this time frame and
11 | in accordance with this order, the Court will recommend that this action be dismissed. In the
12 | alternative, if Plaintiff intends to pursue her claims in the Bankruptcy Court, she should notify
13 | this Court in writing within thirty (30) days.

IT IS SO ORDERED.

Dated: **April 12, 2010**     /s/ **Dennis L. Beck**
                       UNITED STATES MAGISTRATE JUDGE