# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIDIA ESTRADA, | ) | 1:10cv0556 LJO DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| SIERRA VALLEY RESTAURANTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Lidia Estrada ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed this action to collect unpaid wages on March 31, 2010. She named Sierra Valley Restaurants, Inc. as Defendant. Prior to filing her complaint, the California Department of Industrial Relations, Division of Labor Standards Enforcement, informed Plaintiff that Defendant had filed for bankruptcy protection.

On April 12, 2010, the Court dismissed the complaint with leave to amend. The Court alternatively informed Plaintiff that if she intended to pursue her claims in the Bankruptcy Court, then she should notify this Court in writing.

On April 19, 2010, Plaintiff filed a notice that she would pursue her unpaid wages claim in the Bankruptcy Court. Based on the notice, on April 30, 2010, the Court ordered Plaintiff to show cause why this action should not be dismissed. The show cause order directed Plaintiff to file a response twenty-one (21) days of the date of service of the order. More than twenty-one

1

(21) days have passed and Plaintiff has not responded to the Order to Show Cause or otherwise contacted the Court.

For the reasons discussed below, the Court recommends that this action be dismissed.

**DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. Plaintiff was given an opportunity to file an amended complaint or an option to pursue her claims in

bankruptcy court. Plaintiff informed the Court of her intent to pursue the matter in the bankruptcy court. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's April 30, 2010, order requiring Plaintiff to file a response to the show cause order expressly stated: "Failure to respond will result in a recommendation that this action be dismissed." Thus, Plaintiff had adequate warning that dismissal would result from her failure to respond to the Court's order.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED.

These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

   Dated: **June 8, 2010**      /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE